14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Charles E. COLLIER, Petitioner-Appellant,
v.
Michael J. O'DEA, III, Warden, Respondent-Appellee.
 No. 93-5685.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1993.
 
 Before: BOGGS and NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Charles E. Collier was convicted of kidnapping and first degree wanton endangerment and as a first degree persistent felony offender. He was sentenced to life imprisonment. His conviction and sentence were affirmed by the Kentucky Supreme Court.
 
 
 3
 On January 27, 1987, Collier filed a habeas corpus petition in which he claimed that the evidence was insufficient to support the conviction and that juror misconduct deprived him of a fair trial. His petition was dismissed after he failed to file objections to the magistrate judge's report and recommendation to dismiss. The dismissal was affirmed on appeal. Collier v. Parke, No. 87-5682 (6th Cir. Nov. 16, 1987) (unpublished order).
 
 
 4
 Collier next filed a motion to vacate his conviction under Rule 11.42, Kentucky Criminal Rules. He maintained that his trial counsel was ineffective for failing to properly advise him concerning the charge of persistent felony offender (PFO) or to represent him effectively at the PFO proceedings. The Rule 11.42 motion was denied. Collier's appeal from the denial of the motion was dismissed for failure to prosecute. Review of the record shows that counsel appointed to represent Collier on the motion failed to perfect the appeal.
 
 
 5
 On July 27, 1992, Collier filed the petition for habeas relief which is the subject of the present appeal. He reasserted his claims of insufficient evidence, juror misconduct, and ineffective assistance of counsel at the PFO proceedings. He also presented a claim of ineffective assistance of counsel on the appeal from the denial of his Rule 11.42 motion. In an amendment to the petition, he alleged that the Commonwealth failed to comply with its own rules of court regarding the provision of transcripts of the grand jury proceedings, the arraignment and the preliminary hearing.
 
 
 6
 Upon review, we conclude that the petition was properly dismissed because Collier failed to make a colorable showing of factual innocence which would entitle him to review of claims already presented in his first petition for habeas relief, see Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986), and to show both cause and prejudice for his failure to raise the additional issues in the first petition, see McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 7
 The district court properly dismissed Collier's challenge to the sufficiency of the evidence because the same ground was decided adversely to Collier in the prior habeas petition, the decision was on the merits, and the ends of justice would not be served by reaching the merits on the second petition. See Sanders v. United States, 373 U.S. 1, 15 (1963). The ends of justice require review of a claim that has already been decided on the merits only where the petitioner shows a fair probability that, in light of all the evidence, the trier of fact would have entertained a reasonable doubt of guilt. Kuhlmann, 477 U.S. at 454 n. 17. Collier has not met this standard. Both the victim and her husband testified at trial. The victim identified Collier as the person who followed her in his car, forced her car off the road at midnight in a remote area, and forcibly dragged her toward a ditch until a passing car, driven by the victim's husband, came upon the scene.
 
 
 8
 Collier's claim of juror misconduct is similarly subject to dismissal under Sanders. It is noted that the previous claim of juror misconduct was based on an allegation of improper contact between a juror and the victim and her family; the second claim was based on an allegation that the juror was the victim's uncle. Nonetheless, the allegation does not present a new and different claim to escape dismissal of the petition as successive. The same claim may be based on different factual allegations or different legal arguments. Sanders, 373 U.S. at 16. Collier's underlying claim, that he was denied his right to an unbiased jury, is the same.
 
 
 9
 Collier's remaining claims also were subject to dismissal for his failure to show cause for and actual prejudice from his failure to raise them in the first petition. In the second petition, Collier sought relief based on ineffective assistance at the PFO proceedings. Collier alleged that he was denied his right to have the prosecution prove each and every element of the persistent felony offender charge because his counsel stipulated to his age and to the validity of prior offenses.
 
 
 10
 To establish ineffective assistance of counsel, a petitioner must show not only that counsel's performance was deficient, but also a reasonable probability that, but for the deficiency, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Even if it were assumed that counsel's decision to stipulate to certain factual elements of the offense was unreasonable, Collier has made no showing that the elements could not otherwise have been established or that the outcome would have been different. Collier has not shown that his counsel was ineffective nor that he was prejudiced by the alleged deficiency.
 
 
 11
 Collier also cannot establish ineffective assistance of counsel based on counsel's failure to perfect an appeal of the denial of his Rule 11.42 motion because the Sixth Amendment right to counsel does not extend to collateral post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).
 
 
 12
 Finally, Collier cannot establish that prejudice resulted from his failure to present his last claim in the first petition. The alleged failure of the state court to follow its own rules of procedure does not provide a basis for federal habeas relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.